UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MELVIN LONBERGER, ET AL                                    PLAINTIFFS

V.                                  CIVIL ACTION NO.: 1:13cv243 LG-JMR

OMNI INDEMNITY COMPANY, ET AL                      DEFENDANTS

## ORDER

This matter is before the Court on the Motion [30] to Sever of Defendant, OMNI Indemnity Company filed on August 6, 2013, the response brief [34] of the Plaintiff filed on August 20, 2013 and the rebuttal brief [38] of the Defendant filed on September 18, 2013.  After consideration of the record, the motion and the memorandum presented, the Court finds that this motion should be granted.

This action was filed originally in the Circuit Court of Harrison County, Mississippi on January30, 2013.  Plaintiffs contend that Omni Indemnity Company ("OMNI") was grossly negligent in their conduct regarding the 2011 and 2010 motor vehicle accidents of insureds, Melvin Lonberger and Bobbie Lonberger .  (Plaintiff's Complaint attached as Exhibit A to the pending Motion to Sever [30]).

When considering the joinder of multiple plaintiffs in an action, Mississippi courts have interpreted Rule 20 of the Federal Rules of Civil Procedure to require that plaintiffs in one action may be joined only if (a) they assert any right to relief jointly,

severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and (B) any question of law or fact common to all plaintiffs will arise in the action. *Campbell v. Lowe's Home Centers, Inc.*, 2009 WL 4782096 (S.D. Miss., 2009), *Gatewood v. Koch Foods of Miss.*, 2009 WL 8642001 (S.D. Miss. 2009). Both the "same transaction" and the "question of law or fact common to all" prongs must be met in order for joinder to be proper. *Palermo v. Letourneau Technologies*, Inc., 542 F.Supp.2d 499, 517-18 (S.D. Miss. 2008).

Pursuant to Rule 21, parties may be dropped by order of the court on motion of any party, and any claim against a party may be severed and proceeded with separately. *Smith v. Coldwell Banker Real Estate*, 2007 WL 2701541 (N.D. Miss., 2007).

Plaintiffs' Complaint asserts claims arising out of injuries suffered by each Plaintiff who was "seriously injured in separate motor vehicle accidents." [ 1, Exhibit "A," to the Motion to Sever [30] p.3]. The Complaint goes into further detail to describe the alleged medical bills incurred by Melvin Lonberger" in the 1st year from 1/19/11 – date of Melvin's MVA" and those incurred by Bobbie Lonberger "in the 1st year from 2/1/10 – date of Bobbie's MVA." *Id* . The Complaint further distinguishes the two accidents when it sets forth the allegations arising out of "Melvin Lonberger's 01/19/11 MVA" [1] and "Bobbie Lonberger's 2010 MVA" [1]. The allegations in the

Complaint [1] arising out of these accidents are linked to distinct an separate motor vehicle accidents that occurred during different policy periods.

The Complaint alleges Defendant is liable for extra-contractual damages on the basis that each Plaintiff was "further injured and damaged after each MVA." [1, Exhibit "A," at p. 3]. Plaintiffs' claims against Omni arise out of a policy "sold to Plaintiffs in 2009-2012." *Id.* at p. 4. The declarations pages attached as exhibits to Plaintiffs' Complaint indicate that the policy period was six months, further establishing that the February 1, 2010 motor vehicle accident and the January 19, 2011 motor vehicle accident occurred during different policy periods. [1, Ex. 1].

The causes of action asserted in Plaintiffs' Complaint against Omni arise exclusively out of the adjusting, handling, and alleged denial and delay in paying benefits. Plaintiffs allege that these benefits were due as a result of the injuries suffered in the two separate motor vehicle accidents with different vehicles, to different Plaintiffs with different injuries. For instance, Plaintiff, Melvin Lonberger's claims, arise out of injuries and an alleged failure to timely pay benefits under an insurance policy related to a motor vehicle accident that occurred on January 19, 2011. While, Bobbie Lonberger's claims, arise out of her injuries and claims related to a motor vehicle accident that occurred on February 1, 2010. Clearly, the causes of action arise out of different occurrences, with different injuries and different policies.

As the allegations in the Complaint arise out of two distinct and separate motor

vehicle accidents and the subsequent handling of two distinct claims alleged to have been filed under different policy periods, the Court finds that these causes of actions should be severed as there is no question of fact or law common to either Melvin Lonberger's and Bobbie Lonberger's claims.

IT IS THEREFORE ORDERED AND ADJUDGED THAT Defendant's Motion to Sever is GRANTED.

1. All Plaintiffs' claims in civil action no.1:13cv243LG-JMR be severed into individual actions, one for each named Plaintiff.

2. The Clerk shall copy the pleading and exhibits from 1:13cv243LG-JMR which shall then be included as a part of the record for each severed case.

3. The Clerk shall assign an individual civil action number to the severed case.

4. Within thirty (30) days of this Order, each Plaintiff shall file a separate amended complaint setting forth specific factual allegations regarding his or her claims, however, Plaintiffs will not be required to pay any additional filing fees.

5. The current case shall be closed upon the individual cases being severed and replaced by new filings.

6. On or prior to October 4, 2013, all pre-discovery disclosure of case information or other cooperative discovery devices provided for in the Uniform Local Rules of the United States District Courts of Mississippi 26.1(A) and Federal Rules of Civil procedure 26(a)(1) which have not been previously furnished by the parties

shall be disclosed pursuant to said rules.

7. The Court further finds the severed cases should be consolidated for discovery only. These cases should be placed on the Court's November 3-14, 2014 trial calendar with a pre-trial conference of October 22-24, 2014.  ANY CONFLICTS MUST BE IMMEDIATELY SUBMITTED ON WRITING TO THE TRIAL JUDGE UPON RECEIPT OF THIS ORDER. The discovery deadline shall be May 23, 2014 and the motion deadline shall be June 6, 2014.  Plaintiff's expert designation deadline shall be February 3, 2014 and Defendant's expert designation deadline shall be March 5, 2014.  A settlement conference will be held on May 27, 2014 at 9:00 A.M. Parties with full settlement authority must be physically present. Confidential memoranda must be submitted on or prior to May 20, 2014.  Interrogatories, Requests for Admissions and Production are limited to 25 succinct questions. Depositions are limited to the parties experts and no more the ten fact witness depositions per party.

SO ORDERED this the 23rd day of September , 2013

/S/ John M. Roper, Sr.
CHIEF UNITED STATES MAGISTRATE JUDGE